IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02834-MSK

TRACY R. HORRELL,

     Applicant,

v.

ARISTEDES W. ZAVARAS, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

     Respondents.

---

ORDER TO DISMISS IN PART

---

Applicant, Tracy R. Horrell, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado.  Mr. Horrell, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. Horrell is challenging the validity of his conviction and sentence in Case No. 07CR2377 in the Denver District Court.

The Court must construe liberally the Application filed by Mr. Horrell because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

I.     **Background and State Court Proceedings**

On May 16, 2008, Mr. Horrell pled guilty to one charge of second degree kidnapping. Pre-Answer Resp. Ex. B, p. 5.  On July 17, 2008, Mr. Horrell was sentenced to thirty years in the DOC for the kidnapping charge with five years of mandatory parole.  *Id.*  Mr. Horrell filed a direct appeal to the Colorado Court of Appeals, and the appellate court affirmed the trial court's

decision on August 13, 2009.  Pre-Answer Resp. at Ex. C.  The Colorado Supreme Court denied

certiorari review on November 16, 2009.  *Id.* at Ex. F.

Mr. Horrell then submitted the Application for a Writ of Habeas Corpus to this Court on

January 7, 2011.

Liberally construing the Application, the Court finds that Mr. Horrell asserts the

following claims:

1(a). The trial court erred in denying his motion to withdraw his guilty plea.

1(b).  Applicant received ineffective assistance of plea counsel, because his counsel failed to investigate his case and coerced Applicant into taking the guilty plea.

2(a).  The trial court improperly sentenced Applicant in violation of the plea agreement and outside of the lawful sentencing range.

2(b).  Plea counsel erroneously advised Applicant that he would not receive a sentence in excess of 20 years.

## II.    Exhaustion and Procedural Default

On January 10, 2011, Magistrate Judge Boyd N. Boland entered an order directing

Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C.

§ 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.  On January 31,

2011, Respondents filed a Pre-Answer Response.  Mr. Horrell filed a Reply on February 24,

2011.

In the Pre-Answer Response, Respondents asserted that Mr. Horrell's claims were

unexhausted because he did not raise them as federal constitutional claims in the state court.  In

the Reply, Mr. Horrell argued that his claims were fully exhausted in the state courts.

On March 10, 2011, Magistrate Judge Boland found that Claim 1(a) (the trial court

improperly denied the motion to withdraw guilty plea) was exhausted, because Mr. Horrell had

cited to Colorado state law that employed a federal constitutional analysis of the claim.  *See* Pre-

Answer Resp. at Ex. B, p. 6-10.  Magistrate Judge Boland also found that Claim 1(b) (ineffective

assistance of plea counsel) was not exhausted because Mr. Horrell failed to raised this as an

independent claim in the state courts.  *See id.*  However, Magistrate Judge Boland noted that a

state court remedy may still exist for Mr. Horrell pursuant to Colo. Rev. Stat. § 16-5-402(1),

which allows three years for a defendant challenging a class 2 conviction to file a Colorado Rule

of Criminal Procedure 35(c) motion.

Next, Magistrate Judge Boland found that Claim 2(a) (improper sentence) was exhausted,

but that Mr. Horrell had failed to raise Claim 2(b) (erroneous advice from plea counsel) in the

state courts and that this claim was unexhausted.  *See* Pre-Answer Resp. at Ex. B, p. 12.

Therefore, Magistrate Judge Boland concluded that the Application was asserting both exhausted

and unexhausted claims, and was subject to dismissal as a mixed petition pursuant to ***Rose v.***

***Lundy***, 455 U.S. 509, 522 (1982).

Therefore, on March 10, 2011, Magistrate Judge Boland ordered Mr. Horrell to show

cause why the Application should not be denied as a mixed petition.  Mr. Horrell was informed

that, in order to avoid dismissal of a habeas application as a mixed petition, an applicant may

elect to dismiss any unexhausted claims and pursue only those claims for which state remedies

already have been exhausted.  If an applicant wishes to pursue all of his claims in federal court

the habeas action will be dismissed without prejudice so that the applicant may exhaust state

remedies.  He then may file a new application for a writ of habeas corpus.

Mr. Horrell was afforded thirty days to show cause why the instant action should not be

dismissed as a mixed petition.  Alternatively, Magistrate Judge Boland informed Mr. Horrell that

he could dismiss voluntarily his unexhausted claims and proceed only with the exhausted claim.

Finally, Mr. Horrell was directed that if he failed to provide a clear response indicating his

intentions, he would have failed to show cause as directed, and the action would be dismissed as

a mixed petition.

On April 11, 2011, Mr. Horrell filed a response to the order to show cause.  In the response, Mr. Horrell concedes that Claims 1(b) and 2(b) are not exhausted, and asks to be allowed to proceed with exhausted Claims 1(a) and 2(a).  Therefore, in accordance with Mr. Horrell's wishes, the Court will dismiss as unexhausted Claims 1(b) and 2(b).  Accordingly, it is

**ORDERED** that Claims 1(b) and 2(b) are dismissed as set forth above.  It is

**FURTHER ORDERED** that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted Claims 1(a) and 2(a).  It is

**FURTHER ORDERED** that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

DATED this 3rd day of May, 2011.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

4