IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Marcia S. Krieger

Civil Action No. 10-cv-02834-MSK

TRACY R. HORRELL,

    Applicant,

v.

ARISTEDES W. ZAVARAS, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

---

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254**

---

This matter comes before the Court on the Applicant Tracy R. Horrell's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (# 4)[1], which the Respondents answered (# 18). The Applicant filed a traverse (# 22). Having considered the relevant pleadings, along with the pertinent portions of the State Court record (# 19 and # 27), the Court

    **FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 2254 and 1331.

### II. Background

---

[1] Because the Applicant appears *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court does not serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Applicant pled guilty in the District Court for the City and County of Denver to one count of second degree kidnapping of a person who was the victim of a sexual assault, a class two felony.[2]  The trial court subsequently sentenced the Applicant to 30 years in the Colorado Department of Corrections.

The Applicant filed a direct appeal and the Colorado Court of Appeals affirmed his conviction on August 13, 2009.  *See People v. Horrell*, No. 08CA1861 (Colo. App. Aug. 13, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. C).  He filed a petition for writ of certiorari with the Colorado Supreme Court, which was denied on November 19, 2009.

The Applicant commenced this action by filing a letter with the Court on November 19, 2010.  Pursuant to Magistrate Judge Boyd N. Boland's order, the Applicant filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on January 7, 2011.  In the Application, he asserts four claims[3]:

> 1(a).  The trial court erred in denying the motion to withdraw his guilty plea;
>
> 1(b).  He received ineffective assistance of counsel, because his counsel failed to investigate his case and coerced him into taking the guilty plea;
>
> 2(a).  The trial court improperly sentenced him in violation of the plea agreement and outside of the lawful sentencing range; and
>
> 2(b).  He received ineffective assistance of counsel because counsel erroneously advised him that he would not receive a sentence in excess of 20 years.

On January 10, 2011, Magistrate Judge Boyd N. Boland ordered the Respondents to file a

---

[2]This general introductory background is largely taken from the uncontested statement of facts in the Respondents' Answer.

[3]These numbers correspond to those assigned by the Applicant.

2

pre-answer response limited to addressing the issues of timeliness and/or exhaustion of state court remedies. The Respondents filed a pre-answer response on January 31, 2011. The Respondents conceded that the Application was timely, but argued that the claims were unexhausted in the state courts. The Applicant filed a Reply on February 24, 2011.

On March 10, 2011, Magistrate Judge Boland agreed that Claim 1(b) was not exhausted, because the Applicant failed to raise it in the state court as an independent claim. *See* Pre-Answer Resp. at Ex. B, p. 6-10. Magistrate Judge Boland also noted that a state court remedy may still exist for the Applicant pursuant to Colo. Rev. Stat. § 16-5-402(1), which allows three years for a defendant challenging a class 2 felony conviction to file a Colorado Rule of Criminal Procedure 35(c) motion. In addition, Magistrate Judge Boland found that Claim 2(b) was unexhausted, because the Applicant did not present this claim to the state courts. *See* Pre-Answer Resp. at Ex. B, p. 12. Finally, Magistrate Judge Boland determined that Claims 1(a) and 2(a) were exhausted in the state courts. Therefore, Magistrate Judge Boland concluded that the Application was asserting both exhausted and unexhausted claims, and was subject to dismissal as a mixed petition pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Magistrate Judge Boland ordered the Applicant to show cause why the Application should not be denied as a mixed petition. The Applicant was informed that, in order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted. On April 11, 2011, the Applicant filed a response to the order to show cause, and

indicated that he would voluntarily dismiss his unexhausted claims.

Therefore, on May 3, 2011, the Court entered an order which dismissed Claims 1(b) and 2(b) as unexhausted. Nonetheless, finding that Claims 1(a) and 2(a) had been exhausted in the state courts, the Court directed the Respondents to file an Answer that fully addressed the merits of the remaining claims.

### III.  Legal Standard

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 . . . . [it] does not review a judgment, but the lawfulness of the Applicant's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted). The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because the Application was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs the Court's review. *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson,* 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999)). Under the AEDPA, a district court may only consider a habeas petition when the Applicant argues that he is "in custody in violation of

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must

also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id*.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [the court's] independent review of the record and pertinent federal law persuades [it] that [the] result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 1178. "[T]his 'independent review' should be distinguished from a full *de novo* review of the Applicant's claims." *Id*.

## IV. Analysis

Claims 1(a) and 2(a) are the only claims remaining at issue in this action.

**A.     Claim 1(a)**

In this claim, the Applicant asserts that the trial court improperly denied the motion to withdraw his guilty plea. Application at 5. He argues that he filed a motion to withdraw his guilty plea asserting that counsel failed to investigate his case, and also coerced him into taking the guilty plea, but the trial court refused to address the matter. He also asserts that the plea agreement did not "comport with the deal that was agreed to by the parties." *Id.* at 5.

In addressing this claim, the Colorado Court of Appeals concluded:

> In the plea documents, defendant specifically acknowledged that the facts and circumstances surrounding the offense were extraordinarily aggravating and called for the court to impose a sentence above the maximum in the presumptive range. He further agreed to judicial fact-finding of the extraordinary aggravating circumstances for sentencing purposes.
>
> At the providency hearing, the court advised defendant of his rights, the elements of the offense, and the potential penalties, including the sentencing range "of between 16 to 30 years in the Department of Corrections" under the terms of the plea agreement. Defendant stated that he understood and, knowing the potential sentence, wished to plead guilty.
>
> In response to the court's questioning, defendant also stated that (1) he had read and signed the plea documents; (2) he understood the plea agreement; (3) no one had pressured or forced him to enter a guilty plea; (4) he was doing so voluntarily; (5) he had had enough time to discuss the case with his counsel and had also consulted with an attorney retained by his parents; (6) he had no condition which made it difficult for him to understand what was happening and he was thinking clearly; (7) he had no questions for the court or his lawyers; and (8) he was fully satisfied with his counsel's services and the advice provided.
>
> The court found that defendant was entering his plea knowingly, voluntarily, intelligently, and accepted the plea.

At sentencing, defendant indicated that he was having "second thoughts," and wished to withdraw his plea. The court denied the request and later sentenced defendant to thirty years in the DOC.

## II. Withdrawal of Plea

Defendant contends that the district court abused its discretion in denying his motion to withdraw his guilty plea. We disagree.

A motion to withdraw a plea before sentencing is addressed to the sound discretion of the trial court, and denial of such a motion will not be overturned absent abuse of discretion. *People v. Gutierrez*, 622 P.2d 547, 559 (Colo. 1981), To constitute an abuse of discretion, the court's ruling must be manifestly arbitrary, unreasonable, or unfair. *Id.*; *People v. DiGuglielmo*, 33 P.3d 1248, 1250 (Colo. App. 2001).

A defendant is not entitled to withdraw a guilty plea as a matter of right. *People v. Chavez*, 730 P.2d 321, 327 (Colo. 1986). However, a plea may be withdrawn prior to sentencing in accordance with Crim. P. 32(d) if the defendant is able to meet the burden of demonstrating a "fair and just reason" for withdrawal. *People v. Lopez*, 12 P.3d 869, 871 (Colo. App. 2000).

To warrant withdrawal, a defendant must show that justice will be subverted by denial of the request, as where a defendant may have been surprised or influenced into entering a guilty plea, where the plea "was entered by mistake or under a misconception of the nature of the charge," or where the plea was entered through "fear, fraud, or official misrepresentation" or "made involuntarily for some reason." *Chavez*, 730 P.2d at 327.

Further, to satisfy the requirements of due process, the record as a whole must show that the defendant entered a guilty plea knowingly and voluntarily. *People v. Gresl*, 89 P.3d 499, 502 (Colo. App. 2003). Before accepting a plea, the trial court must ensure that the defendant was advised of the direct consequences, including the possible sentencing range. Crim. P. 11(b)(4); *People v. Corral*, 174 P.3d 837, 839 (Colo. App. 2007); *Gresl,* 89 P.3d at 502.

Here, the providency hearing transcript and plea agreement documents support the district court's conclusion that defendant was thoroughly and properly advised pursuant to Crim P. 11, that he specifically agreed to the aggravated range sentence, and that he entered the guilty plea knowingly and voluntarily. *See Chavez*, 730 P.2d at 324-25.

> On appeal defendant asserts that he "reasonably misunderstood" the terms of the plea agreement, believing that he would be sentenced in the presumptive range of eight to twenty-four years in the DOC. We are not persuaded.
>
> Courts are reluctant to allow withdrawal of guilty pleas on allegations of misunderstanding unless there is objective evidence that the defendant had been justifiably confused concerning the plea bargain. *See People v. Jones*, 33 P.3d 1258, 1259 (Colo. App. 2001). If defendant misunderstood the plea documents, his counsel's advice, or the district court's advisement, he was required to request clarification from the court, rather than assert on appeal that he was confused at the providency hearing. *See DiGuglielmo*, 33 P.3d at 1251.
>
> Defendant notes that he did not specifically initial a provision in his plea agreement concerning crime of violence sentences. However, the record demonstrates that the district court did not rely on the provisions of the crime of violence statute in sentencing defendant.
>
> Instead, the written plea agreement and the transcript demonstrate that defendant made a knowing, voluntary, and intelligent waiver of his rights to jury trial in exchange for an aggravated sentencing range of sixteen to thirty years, and that he specifically agreed to judicial fact-finding for sentencing purposes. Defendant's written and oral declarations that he understood and accepted those terms "carry a strong presumption of verity." *People v. Canody*, 166 P.3d 218, 220 (Colo. App. 2007) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). These declarations plainly refute defendant's conclusory allegations that he misunderstood or was insufficiently advised of the sentencing term. Thus, we reject this contention.

*Horrell*, 08CA1861 at 3-8.

A defendant does not have an absolute right to withdraw a guilty plea, *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (citing *United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir. 1990)), and a defendant bears the burden of showing a fair and just reason for withdrawal of his plea, *id.* (citations and quotation marks omitted). Because a criminal defendant waives numerous constitutional rights when he pleads guilty a plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *See Boykin v. Alabama,* 395

U.S. 238, 244 (1969). "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). In applying this standard, the Court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan,* 426 U.S. 637, 648 (1976). A criminal defendant cannot successfully challenge the voluntariness of his plea merely on the basis that he was motivated to plead guilty. *Brady v. United States,* 397 U.S. 742, 750 (1970).

The findings of the Colorado Court of Appeals is supported by the record before this Court. The Applicant entered his guilty plea in open court on May 16, 2008. *See* Trial Court Transcript, 5/16/2008. The record demonstrates that the Applicant was advised of and indicated his understanding of the trial rights he was waiving by entering the plea. *Id.* at 5-7. The district attorney advised Applicant of the elements of second degree kidnapping, and the Applicant indicated that he understood the elements of the crime. *Id.* at 7. The trial court also advised the Applicant that applicable sentencing range for second degree kidnapping included a mandatory minimum of 16 years and a maximum of 48 years in the DOC, but pursuant to the plea agreement the maximum sentence would be capped at 30 years. *Id.* at 8. The hearing concluded:

> The Court: Knowing that presumptive range of sentence, do you still wish to plead guilty?
>
> Mr. Horrell: Yes, I do.

>The Court: Has anybody promised you anything other than what we've talked about here?
>
>Mr. Horrell: No.
>
>The Court: Has anybody applied any force or any threats or any coercion to get you to plead guilty today?
>
>Mr. Horrell: No, ma'am.
>     . . . .
>
>The Court: All right. Then the Court will then accept the defendant's guilty plea and make written findings regarding the acceptance of the plea and enter judgment of conviction on added count two. . . .

*Id.* at 8-9.

The sentencing hearing was held on July 17, 2008. Mr. Horrell discussed his motion to withdraw his guilty plea as follows:

>Mr. Horrell: Well, I have a - - I've been wanting to say something. A lot of these facts in this case I don't believe that - - as far as they concern my case (indiscernible) - - I don't think I wish to plead guilty in this case, Your Honor. I'm having some second thoughts about (indiscernible). I've been rushed into this decision and I'm not sure that is what I want to do right now.
>
>The Court: Well, you've already entered your plea of guilty, Mr. Horrell.
>
>Mr. Horrell: Yeah, and I did turn in motions for dismissal of counsel so I was wondering if you got that motion?
>     . . . .
>
>The Court: I just wanted you to know that I did find the motion that was filed - - filed on July 2nd it looks like. So I've got it and I read it.
>     . . . .
>
>The Court: Well, I've read the motion and I can tell you - - what I can tell you, Mr. Horrell, is that if you have claims for ineffective assistance of counsel, those claims are preserved under what's called Rule 35(c). Those claims, regardless of

> whether we proceed to sentencing today, are claims that you have available to you and claims that the Court will certainly to at on appeal.
>
> Mr. Freyre: Your Honor, the only comment that I could make on Mr. Horrell's behalf is that I believe because we are prior to sentencing, the Court could consider allowing him to withdraw his plea under 32(d) of the Rules of Criminal Procedure rather than 35(c) which I think would be applicable after the Court had imposed sentence.
>
> And I think under 32(d) the standard would be different, that it would be in the interest of justice. But Mr. Horrell indicates to me that he does not wish to go through with his sentencing. And I believe I understood him correctly. In fact, he does not wish for our office to continue to represent him.
>
> I don't think that there is a conflict here. I think that the record was made at the time of the entry of the plea.
> . . . .
>
> The Court: And today, in looking at whether you've raised any good cause shown, I'm still looking at the same motion. I understand what you're saying. I understand your arguments. Frankly, I think they rise more to the level of ineffective assistance of counsel. If you have those claims, they could be asserted. But I see no good cause shown not to proceed today.
>
> It's not as though - - what I'm saying is that I'm prepared to proceed to sentencing. I took this plea. I'm the judge that took it. It was a lengthy plea. We were careful in the way that we took it. I'm confident about the Rule 11.
>
> We inquired at that point as to whether or not there were issues. Your counsel has stated that there were no conflicts. I see none here. And I'm prepared to proceed today.

Trial Court Transcript, 7/17/08, p. 5-8.

The Applicant argues that he "felt coerced into the plea deal and expressed his reluctance during the providency hearing." Application at 5. Having reviewed the transcript from the providency hearing on May 16, 2008, the Court finds no record that the Applicant expressed any reluctance to the trial court. The trial court twice advised the Applicant that the applicable

sentencing range pursuant to the plea agreement would be sixteen to thirty years plus a five year mandatory period of parole.  The Applicant was allowed to speak freely, and he did not indicate any hesitance regarding his guilty plea to the trial court.  If his counsel was coercing or unduly pressuring him to take the guilty plea, the Applicant failed to indicate this to the trial court when he was specifically asked about that issue.  Instead, the Applicant swore in open court that he was making the plea freely, knowingly and voluntarily.

The Tenth Circuit has noted that "[t]his colloquy between a judge and a defendant before accepting a guilty plea is not *pro forma* and without legal significance.  Rather, it is an important safeguard that protect defendants from incompetent counsel or misunderstandings." *Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002).  Further, "[n]umerous courts have denied relief under §§ 2254 and 2255 to petitioners alleging that their guilty pleas were the product of ineffective assistance, where the plea colloquies have demonstrated otherwise." *Hammons v. Paskiewicz*, 368 Fed. Appx. 904, 907 (10th Cir. Mar. 4, 2010) (unpublished opinion) (citing *Fields*, 277 F.3d at 1214).  In this case, it is important to note that the Applicant did not indicate any confusion or hesitation to the trial judge during the providency hearing, and he readily admitted the factual basis for the plea.

Further, the Court can find no support for the Applicant's argument that the trial court failed "to comport with the deal that was agreed to by the parties." Application at 5.  As set forth above, during the providency hearing, the Applicant was twice advised by the trial court of the applicable sentencing range. The Applicant indicated that he understood, that he agreed with the plea agreement, and that he wished to plead guilty of his own free will.

The Applicant has failed to provide any specific facts to show that he was misled or coerced to plead guilty. S*ee United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993) (holding that a petitioner's "mere allegation" that he would have insisted on trial but for his counsel's errors is insufficient to entitle him to habeas relief). Therefore, having reviewed the entire record, the Court finds and concludes that the state court's conclusion with respect to the Applicant's guilty plea was not contrary to, and did not involve a reasonable application of, clearly established federal law and the Applicant is not entitled to relief on this claim.

**B.     Claim 2(a)**

In this claim, Applicant argues that the trial court improperly sentenced him to thirty years which was outside of the proper sentencing range of four to twenty-four years. Application at 6.

In evaluating this claim, the Colorado Court of Appeals concluded:

> Defendant contends that his aggravated sentence must be vacated because it was imposed based upon facts found by a judge rather than a jury, in contravention of principles announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). We disagree.
>
> Although a trial court has broad discretion over sentencing decisions, constitutional challenges to sentencing determinations are reviewed de novo. *Lopez v. People*, 113 P.3d 713, 720 (Colo. 2005).
>
> The Supreme Court held in *Apprendi*, and reiterated in *Blakely*, that any fact other than the fact of a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.
>
> Among the factors that the trial court may rely upon to impose a constitutionally valid sentence are (1) facts found by the court after the defendant has stipulated to judicial fact-finding for sentencing purposes (*Blakely-*

compliant); and (2) facts relating to prior convictions (*Blakely*-exempt). *Lopez*, 113 P.3d at

723. One *Blakely*-compliant or *Blakely*-exempt fact is constitutionally sufficient to support an aggravated sentence. *Id.* at 731.

Further, under section 18-1.3-401(6), C.R.S. 2008, "the existence of a constitutionally-permissible aggravating or mitigating fact widens the sentencing range on both the minimum and maximum ends, to a floor of one-half the presumptive minimum up to a ceiling of double the presumptive maximum." *Lopez*, 113 P.3d at 731. "The sentencing judge then has full discretion to sentence within this widened range according to traditional sentencing considerations." *Id.*

Here, defendant again contends that the district court erroneously sentenced him for a crime of violence when he had not admitted to a crime of violence in the plea agreement. As noted, however, defendant was not sentenced pursuant to the crime of violence provisions.

Rather, based on defendant's stipulation to judicial fact-finding of extraordinary aggravated circumstances, the district court considered, among other factors, the violent nature of the offense and the severe injury inflicted upon the victim. While defendant asserts that he did not stipulate to "aggravated circumstances," the record demonstrates that he did stipulate to judicial fact-finding for sentencing purposes. *See Villanueva v. People*, 199 P.3d 1228, 1236 (Colo. 2008) (a defendant may validly waive the right to have a jury determine the facts supporting an aggravated sentence); *People v. Isaacks*, 133 P.3d 1190, 1194-95 (Colo. 2006).

The court also specifically relied on defendant's prior criminal record in imposing the aggravated range sentence. *See People v. Elie*, 148 P.3d 359, 367 (Colo. App. 2006) (holding that where a defendant's criminal record is ascertainable from the judicial record, the sentencing court may rely on that record regardless of whether the defendant admitted that he had prior felonies). The court here considered defendant's lengthy criminal record, which included three prior felony convictions as well as misdemeanor convictions for assault, domestic violence, harassment, and sexual misconduct.

Under these circumstances, defendant's sentence did not violate the principles announced in *Apprendi* and *Blakely*.

*Horrell*, 08CA1861 at 8-11.

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303.

"Under the Colorado sentencing scheme, a trial court must impose a sentence within the applicable presumptive range for a felony offense unless it finds that extraordinary mitigating or aggravating facts are present." *Allen v. Reed*, 427 F.3d 767, 772 (10th Cir. 2005). Following *Blakely*, the presumptive sentencing range in Colorado is the statutory maximum that can be imposed unless the aggravating facts are *Blakely*-compliant or *Blakely*-exempt. *See id.* at 774. However, the existence of a *Blakely*-compliant or *Blakely*-exempt fact exposes a defendant in Colorado to a sentence in the aggravated range. *See Lopez v. People*, 113 P.3d 713, 731 (Colo. 2005).

Consistent with *Lopez*, the Colorado Court of Appeals rejected the Applicant's *Apprendi/Blakely* claim because one of the factors on which the trial court relied in imposing a sentence in the aggravated range for second degree kidnapping of a person who was the victim of a sexual assault was the fact of Applicant's prior convictions. The determination by the trial court that the Applicant had prior felony convictions is a factual finding that the Court must presume to be correct, and the Applicant bears the burden of rebutting the presumption of

17

correctness with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). The Applicant fails to present any evidence, let alone clear and convincing evidence, to rebut the presumption of correctness in this action. As such, pursuant to Colorado law, the fact that the Applicant had a prior felony conviction exposed him to a sentence in the aggravated range. *See Lopez*, 113 P.3d at 731. This result is consistent with the rules in *Apprendi* and *Blakely*, which do not relate to the impact of a prior conviction. In addition, the Applicant does not cite to any clearly established federal law that prohibits the consideration of additional factors that are not either *Blakely*-compliant or *Blakely*-exempt once a defendant is exposed to an aggravated range sentence under state law. Therefore, the Court finds that the appellate court's rejection of the Applicant's *Apprendi/Blakely* claim is neither contrary to nor an unreasonable application of clearly established federal law. Therefore, the Applicant is not entitled to relief on this claim.

## V.  Conclusion

Accordingly, it is ordered:

1. The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 4) filed by the Applicant Tracy R. Horrell is DENIED.

2. No certificate of appealability will issue because the Applicant has not made a substantial showing of the denial of a constitutional right.

3. This case is dismissed with prejudice.

Dated this 14th day of December, 2011

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge